Certiorari to review a judgment of the Court of Claims dismissing the petition of plaintiff for refund of income tax.
The judgment of the Court was reversed, December 5, 1938 (305 U. S. 267), the Supreme Court stating:
Petitioner paid, and in this suit seeks to recover, an amount included in a deficiency assessment made by the Commissioner of Internal Revenue as additional income tax for the year ending January 31, 1932. The question is whether petitioner is liable under the Revenue Act of 1932. * * * .
*748 For itself and a subsidiary corporation, petitioner made consolidated returns. The commissioner added to the income of the subsidiary on account of improvements made to its property by a lessee. He ruled the improvements were income to lessor in that year to the extent of their value at termination of lease. * * *
For the year in question, the commissioner added to income of lessor $1,742.31, one-tenth of the cost so depreciated (over the term of the lease.) The resulting additional tax was $211.61. Petitioner paid it; the commissioner disallowed claim for refund. The lower court held petitioner not entitled to recover; it sustained the tax on the ground that, immediately upon completion of the improvements made by lessee, they became the property of lessor, and constituted compensation paid by lessee, as additional rental for the use of the leased premises. * * *
Concretely, the question presented is whether, under the lease here involved, one-tenth of what the commissioner and taxpayer call and agree to be estimated depreciated value, as of the end of the term, was income to the petitioner in the first year of the term. And that question is to be decided upon the lower court’s findings unaffected by any statement of fact; reasoning or conclusion that may be found in its opinion.
There is nothing, in the findings to suggest that cost of any improvement made by lessee was rent or an expenditure not properly to be attributed to its capital or maintenance account as distinguished from operating expense. * * * Even when required, improvements by lessee will not be deemed rent unless intention that they shall be is plainly disclosed. * * * The facts found are clearly not sufficient to sustain the lower court’s holding to the effect that the making of improvements by lessee was payment of rent.
It remains to be considered whether the amount in question represented taxable income, other than rent, in the first year of the term.
The findings fail to disclose any basis of value on which to lay an income tax or the time of realization of taxable gain, if any there was. * * *
Granting that the improvements increased the value of the building, that enhancement is not realized income of lessor. * * * Treasury regulations can add nothing to income as defined by Congress.
But, assuming that at some time value of the improvements would be income of lessor, it cannot be reasonably *749 ® qs st.g 8.2 S S ” w 2 C CD P d* CP U <e 3*g •r-4 ^3 d) O oj s <d o B S ctS ® O £ fs'g. CD 'op? o g 1-j H ei-Big’-o § ® n 2 d 8.13 I "*§ 3 S cp B ' ' “ w n "5 -S g M SCO - ° ^ 2 o +3 m CP -e a -2S og p a a p 5 gj a ® S» s 0*3 * P tn I ra CO O »■*
Mr. Justice Butler delivered the opinion of the court.
Mr. Justice Stone delivered a separate opinion, as follows:
I acquiesce in that part of the Court’s opinion which construes the findings below as failing to establish that the lessees’ improvements resulted in an increase in market value of the lessor’s land in the taxable year. As it is unnecessary to decide whether such increase, if established, would constitute taxable income of the lessor, I do not joint in so much of the opinion as, upon an assumption contrary to the findings, undertakes to discuss that question.